UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZEYAD T. ALKARAWI,<br><br>               Plaintiff,<br><br>   v.<br><br>ZACHARY DIAZ,<br><br>              Defendant. | Case No. 1:20-cv-00187-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Zeyad T. Alkarawi's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1.      Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## 2. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

## 3. Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC"), currently incarcerated at the Idaho Maximum Security Institution. Plaintiff states that he has been requesting access to IDOC policies and Standard Operating Procedures ("SOPs") for eight months. Inmates can view these policies by way of a check-out system. Plaintiff has been denied use of the check-out system, and he claims it is because he is from Iraq. *Compl.*, Dkt. 3, at 2. However, the attachments to the complaint reveal that several of Plaintiff's concern forms requesting policies or SOPs

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

were returned to him with the requested policies or SOPs attached. *See Att. to Compl.*, Dkt. 3-1.

Plaintiff evidently wanted to review these policies and SOPs because he lost his money and property, presumably because of prison officials' actions. *Id*. Plaintiff requests that this money and property be returned to him.

The Complaint contains no allegations against the only named Defendant, Sergeant Zachary Diaz. However, the attachments to Plaintiff's Complaint reveal that Diaz responded to Plaintiff's grievance on the issue of access to policies and SOPs. The grievance complained that Plaintiff was not provided an unidentified policy. Diaz responded that "Investigation policy 504 is not open to the public and inmates." *Att. to Compl.*, Dkt. 3-3 at 1. It appears that Policy 504 was referenced in Plaintiff's original concern form on the issue. The reviewing authority agreed that Plaintiff would not be provided the investigation policy. *Id*.

Plaintiff appealed, stating that he was asking about other policies, such as the indigency policy, the photo policy, and the property restriction policy. The appellate authority affirmed the denial of the grievance. That official stated that Plaintiff would not be provided with the investigation policy (Policy 504) and that—with respect to the remaining policies—Lieutenant Wilson, a nondefendant officer in Plaintiff's housing unit, would meet with Plaintiff "to ensure that you understand the policy check out process" for the remaining policies. *Id*. at 2.

**4.     Discussion**

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any amended complaint should take into consideration the following.

*A.     Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) "set[] in motion a series of acts by others"; (2) "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failed to act or improperly acted in the training, supervision, or control of his subordinates"; (4) "acquiesc[ed] in the constitutional deprivation"; or (5) engag[ed] in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09. A plaintiff may also seek injunctive relief from officials who have direct responsibility in the area in which the plaintiff seeks relief. *See Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999).

Defendants who were involved in reviewing claims in the administrative grievance process may or may not have liability for the constitutional violations complained of regarding actual grievances they processed, depending on (1) the type and timing of the problem complained of and (2) the role of the defendant in the process. For example, an appeals coordinator cannot cause or contribute to a completed constitutional violation that occurred in the past and that is not remediable by any action the reviewer might take. *See, e.g., George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007) ("A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

It may be, however, that an alleged constitutional violation is ongoing, and the defendants reviewing the prisoner's grievances may have the duty and authority to review the propriety of the action of which the prisoner complains and to remedy the alleged deficiencies. In such a case, the reviewing defendants may be subject to § 1983 liability because they knew of an "ongoing constitutional violation," and would have had "the authority and opportunity to prevent the ongoing violation," but did not intervene to remedy the situation. *See Herrera v. Hall*, 2010 WL 2791586, at *4 (E.D. Cal. July 14, 2010) (unpublished) (citing *Taylor*, 880 F.2d at 1045).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

      i.      <u>Due Process Claims</u>

Because Plaintiff complains of lost money and property, he may be asserting claims under the Due Process Clause of the Fourteenth Amendment. That amendment prohibits the government from depriving an individual of life, liberty, or property without due process of law. However, the right to due process is "not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis omitted)). Moreover, even the *intentional* deprivation of personal property by prison officials will not support a due

process claim under § 1983 if the prisoner has an adequate remedy under state law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Idaho has adopted the Idaho Tort Claims Act ("ITCA"), Idaho Code § 6-901, *et seq.*, to provide a remedy for citizens injured by the tortious acts of governmental entities, officials, and employees. As a general rule, "every governmental entity is subject to liability for money damages arising out of its negligent or otherwise wrongful acts or omissions and those of its employees acting within the course and scope of their employment or duties." Idaho Code § 6-903(1). One exception to this rule is that "any law enforcement officer," acting "without malice or criminal intent and without gross negligence or reckless, willful and wanton conduct," shall not be liable for a claim that "[a]rises out of the detention of any goods or merchandise." Idaho Code § 6-904B(1). It is unclear whether this exception to liability applies when a jail or prison official deprives an inmate of personal property. Importantly, however, even assuming that this exception applies in the jail or prison context, it would not immunize prison officials from liability for acts that are grossly negligent, reckless, or willful and wanton.

Accordingly, to the extent Plaintiff is claiming that prison officials negligently lost his money and property, he has no due process claim regardless of the existence of a post-deprivation state law remedy for negligent conduct. To the extent Plaintiff asserts that prison employees recklessly lost or intentionally stole his money and property, he has (or had) a potential remedy under the ITCA. Therefore, the Complaint does not state a due process claim upon which relief may be granted.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

      ii.      <u>Equal Protection Claims</u>

The Equal Protection Clause of the Fourteenth Amendment guards against arbitrary discrimination by government officials. Under the Equal Protection Clause, "all persons similarly circumstanced shall be treated alike" by governmental entities. *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920). However, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147 (1940).

Even where similarly situated persons are treated differently by the state, "state action is presumed constitutional and 'will not be set aside if any set of facts reasonably may be conceived to justify it.'" *More v. Farrier*, 984 F.2d 269, 271 (9th Cir. 1993) (quoting *McGowan v. Maryland*, 366 U.S. 420, 426 (1961)). Absent evidence of invidious discrimination, the federal courts should defer to the judgment of prison officials. *See id*. at 277; *Youngbear v. Thalacker*, 174 F. Supp. 2d 902, 916 (D. Iowa 2001) ("There can be no 'negligent' violations of an individual's right to equal protection.... There is no evidence from which the court may infer that the defendants' asserted reasons for delaying the construction of a sweat lodge at the [prison] were a pretext for discrimination.").

Equal protection claims alleging disparate treatment or classifications generally are subject to a heightened standard of scrutiny if they involve a "suspect" or "quasi-suspect" class, such as race, national origin, or sex, or when they involve a burden on the exercise of fundamental personal rights protected by the Constitution. *See, e.g., City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440 (1985). Otherwise, equal

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

protection claims are subject to a rational basis inquiry. *See Heller v. Doe*, 509 U.S. 312, 319–20 (1993).

Because Plaintiff claims he has been denied access to various policies and SOPs because he is from Iraq, any equal protection claim based on that denial would be analyzed under strict scrutiny. Classifications subject to strict scrutiny are valid only if the governing shows that the classification is narrowly tailored to serve a compelling state interest. *City of Cleburne*, 473 U.S. at 440.

The Complaint fails to state a plausible equal protection claim. Plaintiff's allegations do not give rise to a reasonable inference that Defendant Diaz acted with a discriminatory motive—that is, that he denied Plaintiff access to policies or SOPs *because* Plaintiff is from Iraq. Instead, Policy 504, which relates to investigations, was likely denied for the reason stated in the grievance response—because it was not open to the public or to inmates. Additionally, there are no factual allegations that Diaz was the person who initially denied Plaintiff access to the check-out policy or any other policies. Diaz merely responded to Plaintiff's grievance on the issue and, therefore, cannot be held liable under § 1983. *See George*, 507 F.3d at 609–10.

### B.   State Law Claims

In addition to § 1983 claims, Plaintiff purports to assert state law claims, though Plaintiff does not identify any such claims. *Compl*. at 1. Because the Complaint fails to state a federal claim upon which relief may be granted, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c). If Plaintiff is allowed to proceed on a federal claim in an amended complaint, and if the

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

amended complaint states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

5.     **Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6)

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10

facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "First Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11

amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 60 days, this case may be dismissed without further notice.

2. Because Plaintiff has already been granted in forma pauperis status, his second Application for Leave to Proceed in Forma Pauperis (Dkt. 7) is MOOT.

3. Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: June 29, 2020

B. Lynn Winmill
U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 12